UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RANDOLPH TIMOTHY JOHNSON,

        Plaintiff,
v.

SOUTHERN FLORIDA PAVING GROUP,
LLC D/B/A CHARLIE FRYMYER PAVING,
TRIDENT TRUCKING, LLC,
FRANK A. BOU, LUIS SANCHEZ,
DAVID BOU,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, RANDOLPH TIMOTHY JOHNSON, brings this action against Defendants, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING, TRIDENT TRUCKING, LLC, FRANK A. BOU, LUIS SANCHEZ and DAVID BOU, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff RANDOLPH TIMOTHY JOHNSON was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of paving services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein,

1

engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant, TRIDENT TRUCKING, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of paving services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendants, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING and TRIDENT TRUCKING, LLC, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

6. Defendants, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING and TRIDENT TRUCKING, LLC, were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

7. Defendant, FRANK A. BOU, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING; said Defendant acted and acts directly in the interests of Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING, in relation to said co-Defendant's employees. Defendant effectively dominates SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING administratively and otherwise acts, and has the power to act, on behalf of the corporation

relative to its employees and had the authority to direct and control the work of others including Plaintiff. Thus, FRANK A. BOU was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendant, FRANK A. BOU, was and now is, the managing agent, director and/or owner of Defendant, TRIDENT TRUCKING, LLC; said Defendant acted and acts directly in the interests of Defendant, TRIDENT TRUCKING, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates TRIDENT TRUCKING, LLC administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others including Plaintiff. Thus, FRANK A. BOU was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendant, LUIS SANCHEZ, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING; said Defendant acted and acts directly in the interests of Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING, in relation to said co-Defendant's employees. Defendant effectively dominates SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others including Plaintiff. Thus, LUIS SANCHEZ was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendant, LUIS SANCHEZ, was and now is, the managing agent, director and/or owner of Defendant, TRIDENT TRUCKING, LLC; said Defendant acted and acts directly in the interests of Defendant, TRIDENT TRUCKING, LLC, in relation to said co-Defendant's employees.

Defendant effectively dominates TRIDENT TRUCKING, LLC administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others including Plaintiff. Thus, LUIS SANCHEZ was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11.     Defendant, DAVID BOU, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING; said Defendant acted and acts directly in the interests of Defendant, SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING, in relation to said co-Defendant's employees. Defendant effectively dominates SOUTHERN FLORIDA PAVING GROUP, LLC D/B/A CHARLIE FRYMYER PAVING administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others including Plaintiff. Thus, DAVID BOU was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

12.     Defendant, DAVID BOU, was and now is, the managing agent, director and/or owner of Defendant, TRIDENT TRUCKING, LLC; said Defendant acted and acts directly in the interests of Defendant, TRIDENT TRUCKING, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates TRIDENT TRUCKING, LLC administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others including Plaintiff. Thus, DAVID BOU was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

13.     Defendant DAVID BOU controlled Plaintiff's work schedule, pay, and duties.

14.     Defendant LUIS SANCHEZ controlled Plaintiff's work schedule, pay, and duties.

15. Defendant FRANK A. BOU controlled Plaintiff's work schedule, pay, and duties.

16. Plaintiff worked for Defendants as a paving laborer.

17. Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

18. Attached as <u>Exhibit A</u> is Plaintiff's statement of claim to provide preliminary estimates of the dates and hours worked, amounts paid, and damages. These amounts may change as Plaintiff engage in the discovery process.

19. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

20. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

22. Plaintiff reallege and incorporate the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791