UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-62689-Bloom/Valle

RANDOLPH TIMOTHY JOHNSON,

       Plaintiff,

v.

SOUTHERN FLORIDA PAVING GROUP,
LLC D/B/A CHARLIE FRYMYER PAVING,
TRIDENT TRUCKING, LLC,
FRANK A. BOU, LUIS SANCHEZ,
DAVID BOU,

       Defendants.
_____/

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES
AND INCORPORATED MEMORANDUM OF LAW**

       Plaintiff RANDOLPH TIMOTHY JOHNSON, by and through undersigned counsel, pursuant to S. D. Fla. L. R. 7.3(a), Order Approving Settlement and Dismissing Case with Prejudice [ECF No. 47] ("Order"), Mediation Settlement Agreement [ECF No. 46-1] ("Settlement Agreement"), and 29 U.S.C. §216(b), files this motion seeking Plaintiff's attorney's fees and costs, and in support states the following:

1.    More than 3 years ago, on November 15, 2016, Plaintiff filed suit under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages and liquidated damages.

2.    Throughout the course of this litigation, Plaintiff through the undersigned counsel repeatedly discussed settlement with Defendants. Plaintiff's offers included Plaintiff reasonable fees and costs as determined by the Court. Defendants rejected Plaintiff's many settlement offers.

3.    Defendants ultimately agreed to settle during the mediation held on October 24, 2019.

4.    Before October 24, 2019, Defendants did not make a single settlement offer and rejected every settlement offer made by Plaintiff. Stated differently, Defendants prevented Plaintiff from

resolving his case (short of voluntary dismissal without receiving any compensation) for nearly 3 years before the case was finally resolved at the October 24, 2019 mediation.

5. Even the settlement terms on which Defendants finally agreed require Plaintiff to continue litigating for the purpose of collecting his attorney's fees: The Settlement Agreement states that "Defendants agree to pay Plaintiff's attorney's fees as determined by the Court…"

6. Plaintiff is entitled to reasonable fees and costs pursuant to 29 U.S.C. §216(b) and the terms of the Settlement Agreement.

7. Plaintiff is seeking $10,320.00 in attorney's fees. *See* **Exhibit A**, Plaintiff's Counsel's Billing Statement.

8. Plaintiff is also seeking fees for time expended litigating fees.

9. The applicable fee agreement provides that Plaintiff's counsel shall be entitled to reimbursement of costs plus the time expended on the case multiplied by $400.00 per hour.[1]

---

[1] Plaintiff's counsel is sole shareholder of Koz Law, P.A. and has been practicing in the area of employment law for more than 10 years. *See CCAventura, Inc. v. Weitz Co.*, 2008 WL 276057 (S.D. Fla. 2008) (holding that an associate with eight years experience could recover $400.00 per hour); *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015) (awarding $400 per hour to an attorney in an FLSA case). In *Kalabushchankau v. Devolro Group LLC et al*, Case No. 19-60628, DE 26 (Jul. 31, 2019), Plaintiff's counsel's awarded hourly rate was $400. In *Mehta v. IQlogg, Inc.*, Case No. 19-cv-61823-Altman, DE 15 (Oct. 11, 2019), Plaintiff's counsel's awarded hourly rate was $375. Plaintiff's counsel's prior hourly rate of $350 has previously been awarded by this Court and other courts including in *Chappel v. Boss Rain Forest Pet Resort, Inc. et al*, Case No. 16-62779-Snow at D.E. 112 (May 18, 2018)(contested sanctions order awarding the plaintiff's fees at the undersigned's hourly rate of $350); *Bernal v. Cuprys And Associates Attorneys At Law Corp et al*, Case No. 17-22866-Cooke/Goodman, D.E. 27 at p. 6 (Jun. 19, 2018); *Brown et al v. Tri-County Lumping Service, Inc. et al*, Case No. 16-21944-Altonaga/O'Sullivan, D.E. 119 at p. 6 (Nov. 30, 2017); in Report and Recommendation, *Morais v. Rhino Holdings One Inc et al*, Case No. 17-80001-Rosenberg/Hopkins at D.E. 35 (Jun. 2, 2017); Order, *Drescher v. SWM Unlock Corporation et al*, Case No. 17-60412-Gayles/Turnoff at D.E. 15 (May 30, 2017); Final Default Judgment, *Beeler v. F L T Logistics LLC et al*, Case No. 16-cv-23814-Ungaro/Otazo-Reyes at D.E. 14 (Nov. 17, 2016).

I.  **Memorandum of Law**

Plaintiff RANDOLPH TIMOTHY JOHNSON is a prevailing plaintiff and, therefore, entitled to recover attorney's fees and costs under 29 U.S.C. § 216(b) because the Court entered its Order approving the terms of the parties' settlement agreement and retaining jurisdiction to enforce the terms of the parties' Settlement Agreement:

> The Supreme Court, considering the fee-shifting provisions in "[n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party,' " has recognized that a plaintiff is a prevailing party only when she obtains either (1) a judgment on the merits, or (2) a settlement agreement "enforced through a consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.,* 532 U.S. 598, 603–604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), *superseded by statute on other grounds,* Open Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524. The *Buckhannon* Court reasoned that a prevailing party needs a judgment or consent decree to prove that there has been an "alteration in the legal relationship of the parties." *Id.* at 605, 121 S.Ct. 1835. Thus, in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment or its "functional equivalent" from the district court evincing the court's determination that the settlement "is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355; *American Disability Ass'n, Inc. v. Chmielarz,* 289 F.3d 1315 (11th Cir. 2002) (holding that the district court's approval of the terms of a settlement coupled with its explicit retention of jurisdiction are the functional equivalent of a consent decree, which renders the settlement a "judicially sanctioned change in the legal relationship of the parties" for purposes of the "prevailing party" determination necessary for attorneys' fees).

*Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed. Appx. 791, 793 (11th Cir. 2013).

> [T]he Supreme Court, considering the fee-shifting provisions of two federal statutes allowing courts to award attorney's fees to the prevailing party, has recognized that a plaintiff is a "prevailing party" only when he obtains either (1) a judgment on the merits, or (2) a settlement agreement "*enforced through a consent decree.*" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.,* 532 U.S. 598, 603–604, 121 S.Ct. 1835, 1839–40, 149 L.Ed.2d 855 (2001) (emphasis added), *superseded by statute on other grounds,* Open Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524.

> […]
>
> We have also held that if the district court "either incorporates the terms of [the parties'] settlement into its final order of dismissal or expressly retains jurisdiction to enforce [the] settlement," these judicial actions serve as the "functional equivalent" of a consent decree in compliance with *Buckhannon. Chmielarz,* 289 F.3d at 1320.

*Mayer v. Wall St. Equity Group, Inc.*, 514 Fed. Appx. 929, 934 (11th Cir. 2013) (footnotes omitted).

> As we've said, to be entitled to fees under the FLSA, a plaintiff must "receive a judgment in [her] favor." *Dionne,* 667 F.3d at 1205. Here, the district court plainly found that the settlement—which RAM admits included the full amount of back pay as well as an equal amount for liquidated damages—was reasonable, and by doing so, the district court entered a judgment in Wolff's favor. *See Lynn's Food Stores,* 679 F.2d at 1355; *Chmielarz,* 289 F.3d at 1317, 1320. RAM provides us with no reason to depart from *Lynn's,* which directs a district court to enter a judgment after "scrutinizing" for fairness a proposed settlement entered into between the employee and the employer in an action brought for back wages under the FLSA. *Id.* at 1353.

*Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed. Appx. 791, 795 (11th Cir. 2013).

> In an action to recover unpaid minimum wages, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). We have explained that prevailing FLSA plaintiffs are "automatically entitled to attorneys' fees," *Dale*, 498 F.3d at 1223 n.12, and the "determination of a reasonable fee pursuant to" § 216(b) "is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion." *Kreager*, 775 F.2d at 1543.

*P&k Rest. Enter., LLC v. Jackson*, 18-10673, 2019 WL 190804, at *4 (11th Cir. Jan. 15, 2019).

> It is true that attorney fees under the FLSA are mandatory. *See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 415 & n.5, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). This means that a prevailing plaintiff is "automatically entitled" to a fee award. *See Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).

*Walker v. Iron Sushi LLC*, 18-10617, 2018 WL 5778204, at *3 (11th Cir. Nov. 2, 2018).

> Moreover, whatever intuitive appeal Lacura's proportionality argument may have is undercut by *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), in which the Supreme Court rejected a proportionality argument for attorneys' fees awarded under 42 U.S.C. § 1988. *Rivera*'s reasoning is arguably even stronger in FLSA cases, where the FLSA's text renders attorneys' fees mandatory. *Compare* FLSA, 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)), *with* 42 U.S.C. § 1988(b) ("[T]he court, *in its discretion, may* allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." (emphasis added) ); *see also James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) ("Fee awards ... should not simply be proportionate to the results obtained by the Plaintiff."); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (noting that it is not uncommon for fee requests to exceed the judgment in FLSA cases).

*Jackson* at *5.

In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In the case of *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010), the Eleventh Circuit noted that fees for litigating fees are recoverable:

> Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees. *See, e.g., Jackson v. State Bd. of Pardons & Paroles,* 331 F.3d 790, 798–99 (11th Cir. 2003) (holding "that fees-on-fees are recoverable under" the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(d)(1)(A)); *Jean v. Nelson,* 863 F.2d 759, 780 (11th Cir. 1988) (holding "that the United States may not oppose a 'fees for fees' request [under the Equal Access to Justice Act, 28 U.S.C. § 2412,] solely on the ground that its position in the fee litigation was substantially justified"); *Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985) ("[A] prevailing party's counsel is entitled to reasonable compensation when he litigates his own claim for entitlement to § 1988 fees.").

*Id.* at 1301.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order awarding $10,320.00 in attorney's fees, plus attorney's fees expended litigating Plaintiff's fees and costs.

Submitted on this Monday, February 17, 2020.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:   (786) 358-6071
    Email: ekoz@kozlawfirm.com

    _____
    Elliot Kozolchyk, Esq.
    Bar No.: 74791

## **CERTIFICATE OF CONFERRAL**

Undersigned counsel has made good faith efforts to confer with counsel for Defendants pursuant to S. D. Fla. L. R. 7.1.A.3 regarding the relief sought herein and Defendants oppose this motion.

_____
Elliot Kozolchyk, Esq.

## VERIFICATION OF COUNSEL

Under penalties of perjury, I declare that I have read the foregoing Plaintiff's Verified Motion for Attorneys' Fees and that the facts stated in it are true to the best of my knowledge and belief.

_____
Elliot Kozolchyk, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on February 17, 2020 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Kevin J. Taylor, Esq.
*Counsel for Defendants*
Kevin J. Taylor, P.A.
2455 East Sunrise Boulevard, Suite 512
Fort Lauderdale, FL 33304
Tel: (954) 530-0889
Fax: (954) 530-8823
Email: kjt@kevintaylorlaw.com

*Attorneys for Defendant*