UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-62689-VALLE

CONSENT CASE

RANDOLPH TIMOTHY JOHNSON,

    Plaintiff,

v.

SOUTHERN FLORIDA PAVING
GROUP, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES

THIS MATTER is before the Court on Plaintiff's Verified Motion for Attorney's Fees and Incorporated Memorandum of Law (ECF No. 48) (the "Motion"). Plaintiff was represented by attorney Elliot Kozolchyk, of Koz Law, P.A. ("Counsel"), who now seeks recovery of $10,320 in attorney's fees, including fees incurred while litigating fees. *See* (ECF No. 48 at 6). Pursuant to the parties' consent, this case is before the undersigned for all proceedings. *See* (ECF Nos. 42, 49). Accordingly, having reviewed the Motion, Defendants' Response (ECF No. 50), Plaintiff's Reply (ECF No. 53), and being otherwise fully advised in the matter, the Motion is **GRANTED IN PART**. As discussed below, Plaintiff is awarded a total of $6,288.75 in fees.

### I.    BACKGROUND

In November 2016, Plaintiff brought this action under the Fair Labor Standards Act (the "FLSA"), seeking $491.43 in overtime wages. *See* (ECF No. 1, 1-3). Three years later, on October

24, 2019, the case settled at mediation.[1] (ECF No. 38). According to the Settlement Agreement, which was filed with the Court, Defendant agreed to pay: (i) $700 to Plaintiff for wages owed (including liquidated damages); (ii) $900 to Counsel for costs incurred in the litigation; and (iii) "Plaintiff's attorney's fees as determined by the Court." (ECF No. 46-1 at 1). Thereafter, the parties filed motions for approval of the Settlement Agreement, as required by *Lynn's Food*.[2] (ECF Nos. 41, 46).

On December 9, 2019, the then-presiding District Judge approved the Settlement Agreement, dismissed the case with prejudice, and retained jurisdiction "to enforce the terms of the Settlement Agreement and enter further appropriate orders." (ECF No. 47 at 1). Additionally, the Court found "that settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive."[3] *Id.* Thereafter, on February 17, 2020, Plaintiff filed the instant Motion, seeking $10,320 in attorney's fees, including fees incurred in litigating

---

[1] Despite its three-year history, the case progressed slowly, with long periods of inactivity. For example, except for routine status updates and written discovery notices, the parties did not engage in any motion practice. *See* (ECF No. 8) (February 2017 statement of claim); (ECF No. 11) (motion for extension of time to complete discovery); (ECF No. 12) (order granting motion for extension of time to complete discovery); (ECF Nos. 13-23) (December 2018 notices of filing discovery); (ECF No. 24) (August 2019 Order on FLSA settlement instructions ); (ECF No. 32) (September 2019 response to statement of claim ); (ECF No. 33) (September 2019 scheduling order); (ECF No. 35) (September 2019 order scheduling mediation).

[2] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (requiring the court to review the parties' settlement agreement to ensure that it is a "fair and reasonable" resolution under the FLSA).

[3] Despite this language, neither party argues that the District Judge determined that Counsel's "requested fee is fair and reasonable and not grossly excessive." (ECF No. 47 at 1). Indeed, the District Judge did not have before her any documentation supporting the amount or nature of the fees requested by Counsel. *See, e.g.,* (ECF Nos. 38, 41, 41-1, 46 and 46-1).

the Motion.[4] (ECF No. 48 at 2). Counsel's fees are based on 25.8 hours expended at an hourly rate of $400. *See* (ECF Nos. 48 at 2, 48-1 at 2).

Defendants, for their part, do not contest Counsel's entitlement to fees, but challenge the amount requested. (ECF No. 50 at 4). Although Defendants acknowledge that Plaintiff is entitled to reasonable attorney's fees under the FLSA, they argue that the "special circumstances" of this case make a "reasonable fee" award zero. (ECF No. 50 at 4, 7). Alternatively, Defendants urge the Court to reduce the requested fees to $2,000, reflecting Counsel's fees through April 21, 2017, when Defendant purportedly offered to settle the case. (ECF No. 50 at 2-3); *see also* (ECF No. 48-1 at 1) (Counsel's billing records). Lastly, Defendants challenge some of counsel's time entries as duplicative. (ECF No. 50 at 6).

## II. DISCUSSION

### A. Plaintiff is Entitled to Fees under the FLSA

Under the American Rule, litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contact. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, the FLSA provides for attorney's fees (and costs) to the prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent

---

[4] "Fees on fees" are recoverable in FLSA cases. *See Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017) (citing *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010); *Valley v. Ocean Sky Limo,* 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015). Thus, Plaintiff has included entries for time spent preparing the instant Motion and the supporting billing records. *See* (ECF No. 48-1) (entries reflecting time spent to "[r]eview billing records;" "prepare[] motion for fees;" and "email Defendants' counsel to confer on fees").

3

decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001).

Defendants do not dispute that Plaintiff is the prevailing party and entitled to reasonable fees under the FLSA. *See* (ECF No. 50 at 4). Instead, Defendants argue that "special circumstances" exist that warrant the exercise of this Court's inherent power to find that a reasonable fee award is zero. *Id.* at 4-7. These "special circumstances" include Counsel's purported: (i) failure to make a pre-suit effort to resolve the case; (ii) failure to participate in meaningful settlement discussions; and (iii) early and continued insistence on the payment of a five-figure attorney fee as part of any settlement. *Id.* Based on these "special circumstances," Defendants analogize the settlement to a "nuisance settlement" meant solely to avoid the expense of litigation rather than an admission of liability. *Id.* at 4. These arguments, which the undersigned rejects, are addressed below.

*1. The FLSA Does Not Require Pre-Suit Demand*

First, relying on *Sahyers v. Prugh, Holliday & Karatinos, P.L*, 560 F.3d 1241 (11th Cir. 2009), Defendants use Counsel's failure to make any pre-suit demand as a basis to argue that they "would have eagerly paid the alleged, yet denied, unpaid overtime, and a reasonable attorney fee to avoid litigation [but] they did not have that chance." (ECF No. 50 at 3). Defendants' argument, however, is not supported by *Sahyers*, which is inapposite to this case, or the record. *See infra* Section II.A.2.

In *Sahyers,* the Eleventh Circuit upheld the district court's exercise of its inherent powers to deny prevailing party FLSA fees to the plaintiff's counsel, who had failed to give pre-suit notice to plaintiff's former employers. *Sahyers*, 560 F.3d at 1243, 1245. Critical to the court's analysis

4

was the fact that the employer defendants were a law firm and individual lawyers at the law firm for whom plaintiff, a paralegal, had worked. *Id.* at 1245. In this very specific context of plaintiff's lawyer suing other lawyers, the Eleventh Circuit upheld the district court's discretionary denial of fees, stating:

> As the district court saw it, this conscious disregard for lawyer-to-lawyer collegiality and civility caused . . . the judiciary to waste significant time and resources on unnecessary litigation and stood in stark contrast to the behavior expected of an officer of the court. The district court refused to reward—and thereby to encourage—uncivil conduct by awarding Plaintiff's attorney's fees or costs. Given the district court's power of oversight for the bar, we cannot say that this decision was outside the bounds of [its] discretion.

*Id*. at 1245-56.[5]

Importantly, the Eleventh Circuit warned against an expansive reading of its ruling. It explained:

> We strongly caution against inferring too much from our decision today. *These kinds of decisions are fact-intensive. We put aside cases in which lawyers are not parties.* We do not say that pre-suit notice is usually required or even often required under the FLSA to receive an award of attorney's fees or costs. Nor do we now recommend that courts use their inherent powers to deny prevailing parties attorney's fees or costs. We declare no judicial duty. We create no presumptions. We conclude only that the district court did not abuse its discretion in declining to award some attorney's fees and costs based on the facts of this case.

*Sahyers,* 560 F.3d at 1246 (emphasis added). Thus, it is clear that the FLSA does not require a Plaintiff to make a pre-suit demand prior to filing a claim. *See Blair v. East Orlando Holdings, Inc.*, No. 18-61856, ECF No. 28 at 4, 5 (S.D. Fla. May 23, 2019) (noting that the FLSA does not impose a pre-suit demand requirement and that "*Sahyers* was an aberrational, fact-specific

---

[5] Indeed, the Eleventh Circuit emphasized this point throughout its decision. *See, e.g., Sahyers*, 560 F.3d at 1246 n.7 (discussing, among other things, a lawyer's duty as an officer of the court and the custom and importance of lawyer-to-lawyer professional courtesy); *Id.* at 1246 n.9 ("we conclude that the conscious indifference to lawyer-to-lawyer collegiality and civility exhibited by plaintiff's lawyer . . . amounted to harassing Defendants' lawyers by causing them unnecessary trouble and expense and satisfied the bad-faith standard.").

5

decision."); *Batista v. S. Fla. Woman's Health Assocs., Inc.*, No. 18-61075-CIV, 2018 WL 6531605, at *4 (S.D. Fla. Nov. 13, 2018) (noting that FLSA does not impose a pre-filing notice requirement); *Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, No. 17-23600-CIV, 2018 WL 3059980, at *3 (S.D. Fla. May 8, 2018) (same). Accordingly, Defendants' argument fails.

Defendants rely on several other cases to support their argument that a reasonable fee in this FLSA case is zero. *See* (ECF No. 50 at 5-6) (citing to *Olguin v. Florida's Ultimate Heavy Hauling*, No. 17-61756-CIV, 2019 WL 3426539 (S.D. Fla. June 5, 2019); *Batista,* 2018 WL 6531605; *Nelson,* 2018 WL 3059980; and *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003)). These cases, however, are distinguishable from the instant case. First, in those cases, the defendants made multiple offers to settle the plaintiffs' FLSA claims. *See, e.g., Olguin,* 2019 WL 3426539, at *6 (noting that defendants made five offers in June 2018); *Batista,* 2018 WL 6531605, at *2 (chronicling defendants' pre-suit and early post-suit offers to settle plaintiff's claim); *Goss,* 248 F. Supp. 2d at 1165 (noting defendants' pre-suit attempts "to ascertain the amount of the claim so that [d]efendants might resolve the dispute"). Defendants here, however, did not make—nor do they claim to have made—any substantive settlement offers prior to the October 2019 mediation. *See generally* (ECF No. 50). Rather, according to Plaintiff, Defendants' only settlement position, up until mediation, required the voluntary dismissal of Plaintiff's claims. (ECF No. 53 at 3).

Second, in Defendants' cited cases, those defendants either tendered or tried to tender payment of the claimed wages. *See, e.g., Olguin,* 2019 WL 3426539, at *2 (recommending denial of prevailing party FLSA fees based, in part, on plaintiff's counsel's failure to accept defendants' tender of wages two months after lawsuit was filed); *Batista,* 2018 WL 6531605, at *4, 5 (finding

6

it "unreasonable, unjust, and inequitable to award [p]laintiff any fees" where, among other things, defendants had initially mailed plaintiff's check and were willing to issue a replacement check for the amount claimed by plaintiff); *Nelson,* 2018 WL 3059980, at *3 (denying prevailing party FLSA fees as "unreasonable, unjust, and inequitable" where plaintiff made no attempt to resolve the matter pre-suit and defendants tendered more than full amount of the claim even before service had been effected); *Goss,* 248 F. Supp. 2d at 1168-69 (denying prevailing party FLSA fees as "unreasonable and . . . unjust" where defendant tendered payment early in case and plaintiff's counsel "employed a strategy of delay" to churn fees). In contrast, Defendants here never attempted to tender payment of Plaintiff's claim. Thus, Counsel cannot be faulted for continuing to litigate. *See generally* (ECF No. 5) (Defendant's Answer to the Complaint); (ECF No. 32 at 3) (Defendants' response to Plaintiff's Statement of Claim); (ECF No. 50 at 3) (referencing Defendants' responses to Plaintiff's discovery requests).

### 2. *Settlement Discussions and Fee Demands*

Defendants also argue that Counsel's fee request should be denied because he failed to "engage[] in any good faith settlement discussion during the pendency of the litigation," so that that Counsel's "fees are the result of entrepreneurial litigation [and are] overstated." (ECF No. 50 at 1-2). But this argument is not supported by the record. Rather, the record reflects that Plaintiff and Defendants engaged in several settlement discussions, none of which succeeded because Defendant was unwilling to settle for anything less than a "voluntary dismissal" of the case. *See* (ECF Nos. 48 at 1-2, 53 at 2-3).

For example, Plaintiff asserts that in response to Defendants' April 2017 email stating that Defendants sought "to have a candid discussion with [Counsel] about possibly settling the case," Counsel telephoned Defendants to discuss possible settlement. (ECF No. 53 at 2-3). During the

conversation that followed, however, Defendants maintained that Plaintiff's claims were meritless and requested that the case be voluntarily dismissed, without offering any compensation to Plaintiff or counsel. *Id.* In addition, Plaintiff produced a November 29, 2018 email from Counsel to Defendants' attorney, "[f]ollowing up with our telephone conversation moments ago regarding, among other things, settlement," and detailing Plaintiff's offer to settle for $982.86, with "reasonable fees and costs to be determined by the Court." [6] *Id.* at 4-5.

Finally, Defendants claim that Counsel demanded five-figure fees to settle the case, right from the commencement of the action. (ECF No. 50 at 3). Plaintiff argues that record does not support Defendants' argument and that, in fact, Counsel did not demand $10,000 in fees until after the case settled on October 24, 2019. (ECF No. 53 at 4 n.3). What little evidence exists in the record supports Plaintiff's position. *See id.* at 4-5 (Counsel's November 29, 2018 email, offering to settle Plaintiff's claims and allowing the Court to decide the issue of fees). Accordingly, and in the absence of contrary evidence, the undersigned finds no reason to conclude that Plaintiff failed to engage in good faith negotiations or demanded five-figure fees from the commencement of the litigation.

In sum, although the undersigned finds no "special circumstances" that would warrant a reduction of Counsel's fees based on the above-referenced case law, the Court remains mindful of its responsibility under the FLSA to determine the reasonableness of prevailing party attorney's fees. Indeed, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the

---

[6] Counsel also generally references "numerous telephone calls to Defendants' counsel to try to settle this case." (ECF No. 53 at 3 n.2). According to Counsel, these calls are not reflected in the billing records supporting the Motion because "[Counsel] exercised billing discretion in declining to document each and every telephone communication with Defendants' counsel." *Id.*

8

amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Thus, "to turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis added); *see Olguin*, 2019 WL 3426539, at *13 (noting that in determining reasonableness, it is appropriate for courts to compare the fees sought to the amount recovered).

### B. The Lodestar Method of Determining Reasonable Fees

The determination of reasonable attorney's fees under the FLSA "is left to the sound discretion of the trial judge . . . ." *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested

9

hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

    *1.     Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant market is "the place where the case is filed." *Barnes,* 168 F.3d at 437 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

In determining reasonable hourly rates in the relevant legal market, the undersigned may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[7] The Court also "'may consider [her] own knowledge and experience concerning reasonable and proper fees and may form an

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

independent judgment either with or without the aid of witnesses as to value.'"  *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiff seeks an award for the legal services of attorney Elliot Kozolchyk, at an hourly rate of $400.  *See generally* (ECF No. 48).  Attorney Kozolchyk is the sole shareholder and founder of Koz Law, P.A.  (ECF No. 48 at 2 n.1); *see also* State Bar of Florida, Member Profile of Elliot Ari Kozolchyk, https://www.floridabar.org/directories/find-mbr/profile/?num=74791 (last visited August 28, 2020).  Attorney Kozolchyk has been practicing for more than 10 years in the area of employment law.  (ECF No. 48 at 2 n.1).  He graduated from Temple University Beasley School of Law and is a member of the Florida Bar and the Bar of this District.  *See* Koz Law, P.A., Attorney Profile of Elliot Kozolchyk, https://www.paychecklawyers.com/attorney-profile (last visited August 28, 2020).

The undersigned has considered the relevant *Johnson* factors, counsel's billing records, and the record in this case.  Based on this review, and the Court's own judgment and expertise, the Court finds that $375 is a reasonable rate for Counsel's services.  Indeed, other courts in this District have awarded Counsel fees at this rate in similar FLSA cases.  *See Dorisma v. Park One of Fla., LLC*, No. 19-20919-CIV, 2020 U.S. Dist. LEXIS 66100, at *7-8 (S.D. Fla. Apr. 13, 2020) (reducing Counsel's requested $400 hourly rate to $375); *Philipps v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV, 2020 U.S. Dist. LEXIS 45169, at *6-7 (S.D. Fla. Mar. 13, 2020) (same); *Mehta v. IQLOGG, Inc.*, No. 19-61823-CIV, 2019 U.S. Dist. LEXIS 229182, at *1-2 (S.D. Fla. October 11, 2019) (same); *Figueroa v. Grampas Real Estate Inc.*, No. 18-CV-63083, 2019 U.S. Dist. LEXIS 75348, at *4 (S.D. Fla. May 2, 2019) (awarding Counsel claimed hourly rate of $375); *but cf. Kalabushchankau v. Devolro Grp., LLC*, No. 19-CIV-60628, 2019 U.S. Dist. LEXIS 229186, at *5 (S.D. Fla. July 31, 2019) (awarding Counsel $400 hourly rate in default judgment).

### 2. *Reasonable Hours Expended*

Having determined the reasonable hourly rate in this case, the undersigned next addresses the reasonableness of the hours expended by Plaintiff's counsel. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (internal quotation marks and citations omitted). Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Counsel requests fees for 25.8 hours of work. (ECF No. 48-1). Defendants specifically object to two of the time entries, arguing that they are duplicative.[8] (ECF No. 50 at 6). In response, Plaintiff argues that these entries are not duplicative in that the earlier entry referred to review of RFP responses, while the second entry "involved review[] of Defendants' responses to Plaintiff's requests for admissions and . . . interrogatories." (ECF No. 53 at 8). But the Court has far greater concerns than whether these two entries are duplicative.

---

[8] The two time entries are for August 4, 2017 for 2.2 hours ("Reviewed Defendant's Response to Plaintiff's Request for Production ["RFP"] and 139 pages of attached documents.") and December 5, 2018 for 1.5 hours ("Reviewed Defendant's responses to Plaintiff's Request for Admissions, Plaintiff's Interrogatories, and Plaintiff's Request for Production."). (ECF No. 48-1 at 1).

12

Here, there is a glaring contrast between Plaintiff's initial unliquidated claim (totaling less than $500) and the resulting settlement of Plaintiff's claim ($700), with the legal fees incurred by Counsel to prosecute the claim (more than $10,000). The pronounced disparity between Plaintiff's initial overtime claim/liquidated settlement amount and the resulting legal fees weighs heavily on the Court, raising questions—which the undersigned cannot ignore—about the reasonableness and proportionality of Counsel's fees in relation to the size of the underlying claim, the straightforwardness and mundaneness of the issues presented, the time and labor required, and Counsel's depth of experience in FLSA matters, among other factors. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted);[9] *see also Goss*, 248 F. Supp. 2d at 1169 ("To ask in good faith for upwards of $16,000 in attorney's fees for prosecuting a case that Plaintiff's counsel knew would involve no more than a modest sum of $316, and to continue to engage in a pattern of behavior aimed at inflating the levels of attorney's fees shocks[,] the conscience of the Court.").

Although this proportionality issue is admittedly not unique to the instant case, often recurring in FLSA cases where relatively small monetary damages are sought, that does not mean that the practice should be condoned or simply overlooked. *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (rebuking the practice of "shaking down" defendants with nightmarishly expensive litigation in small damage cases in the pursuit of higher fees). Rather, when a request for attorney's fees is

---

[9] In *Farley,* the court considered the following factors in determining the reasonableness of counsel's fee: (i) the time and labor required; (ii) the novelty and difficulty of the questions presented; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment by the attorney due to the acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (x) awards in similar cases. *Id*. at 1340 n.7. Here, application of these factors overwhelmingly weigh in favor of a reduction of Counsel's fees.

13

unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d at 1350; *see also Procaps,* 2013 WL 6238647, at *17 (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Courts may apply either method, but they cannot apply both. *Bivins*, 548 F.3d at 1351. Thus, the Court will exercise its discretion to discount Counsel's fees by 35%. This reduction satisfies the FLSA's statutory mandate to "allow a reasonable attorney's fee to be paid by the defendant," 29 U.S.C. § 216(b), while addressing the lack of proportionality between the amount involved/results obtained to the legal fees incurred. Accordingly, Counsel's fees are reduced from $10,320 to $6,288.75, calculated as follows: 25.8 hours X $375 hourly rate = $9,675 - $3,386.25 (35%) = $6,288.75.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Verified Motion for Attorney's Fees and Incorporated Memorandum of Law is **GRANTED IN PART**. Plaintiff is awarded a total of $6,288.75 in attorney's fees.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on August 31, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record